WILLIAM G. HOLLOWAY, as Trustee, et al., Appellants, v. STATE OF NEW YORK, Respondent. (Claim No. 31463.) — Claimants appeal from a judgment of the Court of Claims which awarded them $5,000 as compensation for the appropriation by the State of two rights of way for private roadways leading from claimants' property to Northern State Parkway, upon the ground of inadequacy. Claimants' predecessor in title owned a very large tract of land on Long Island, and in 1931 she conveyed 8.096 acres from this tract to the State for the purpose of constructing a portion of Northern State Parkway and an entrance road thereon. The grantor reserved, among other things, the two rights of way here involved, which included the right to enter the Parkway from plaintiffs' adjacent lands and to make either right or left turns on entering the Parkway. In 1950 the State appropriated the two rights of way for the purpose of improving the Parkway and constructing a 12-inch high concrete curbing along the center of the Parkway which prevented traffic entering from any private road from making a left turn. No roadways were actually constructed or used, although the right to do so was reserved. Other reasonable means of access to the Parkway are available by roads leading to the regular Parkway entrance. Claimants' experts expressed opinions that the damage to all of claimants' property was $26,196 and $29,430, respectively. The State's expert, limiting damage to only certain parcels adjacent to the Parkway and mentioned in the appropriation, gave an opinion of nominal damage of $250. It is this great disparity in opinion which claimants urge demonstrates that the award is against the weight of evidence. This is a different situation, however, than placing a value on land itself. In evaluating the effect upon land of the loss of unused "rights" to enter a limited access highway and turn either way, the opinion of any expert must, of necessity, be speculative. A tremendous volume of high speed traffic passes over the Parkway. The practical possibility or impossibility of entering from a private roadway, and especially making a left turn, was a consideration for the court. Even claimants' experts recognized the impracticability of using such a private entrance without a red traffic signal, and point to no legal right to a traffic signal to stop traffic on a limited access highway. The experts differed on which parcels were affected at all by the appropriation, claimants' experts even including as damaged some property very remote from the Parkway and separated therefrom by public and private roads. Thus there were many points of controversy other than mere opinion valuation. The court was not bound to accept the opinion of experts on either side. The court below viewed the premises on the ground. His valuation was within the reasonable range of the testimony, considering all aspects thereof, and upon the record the award may not be said to be inadequate. Judgment unanimously affirmed, without costs. Bergan, J. P., Coon, Gibson and Reynolds, JJ., concur.